UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JEREMY MAY, | ) | Action No. 5:15-CV-377-JMH |
| Plaintiff, | ) | |
| v. | ) | |
| BLACKHAWK MINING, LLC, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

\*\*    \*\*    \*\*    \*\*    \*\*

Before the Court are Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment [DE 10-1], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, respectively. For the reasons that follow, Defendant's Motion to Dismiss is hereby **DENIED** and the Defendant's Motion for Summary Judgment is hereby **DENIED WITHOUT PREJUDICE**.

I. **Background**

Plaintiff, Jeremy May, alleges, and Defendant does not deny, that Plaintiff was dismissed from his employment at the Blackhawk

1

Mining site in Printer, Kentucky on December 14, 2015. [DE 1, 10, 19]. Plaintiff further alleges that he and the other employees at the Printer facility were dismissed by Defendant without notice. [DE 1, 19]. Defendant, Blackhawk Mining, LLC, is a Kentucky corporation with its principal place of business in Lexington, Kentucky, and which employed, according to Plaintiff, approximately 200 full-time employees at the Printer facility. [DE 1]. Thus, Plaintiff asserts that Defendant violated the Worker's Adjustment and Retraining Notification Act ("the WARN Act"), 29 U.S.C. §2101, et seq., requiring workers to receive 60-day advanced notice of plant facility closing or mass layoff. [DE 19]; *see* 29 U.S.C. §2102. Plaintiff filed his complaint with this Court on December 18, 2015, and the Court issued a decision denying Defendant's Motion to Dismiss or in the Alternative for Summary Judgment at the conclusion of the hearing convened in this matter on July 5, 2016. [DE 10].  This Memorandum Opinion and Order memorializes the reasoning behind that decision.

**II. Rule 12(b)(6) Standard and Analysis**

The propriety of the Defendant's Rule 12(b)(6) motion requires this Court to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F2d 555, 559 (6th Cir. 2008). However,

a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint should be dismissed unless the "plain statement" required under Rule 8(a) "possess[es] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, (2007). Additionally, this Court is not required to accept as true the Plaintiff's "recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, and this Court will dismiss a complaint if the factual allegations alleged insufficiently raise "a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). That said, a well-pleaded complaint may survive a motion to dismiss even if the facts it states are improbable. *Id.*, 550 U.S. at 556.

To state a claim for Defendant's violation of the WARN Act, Plaintiff must, at a minimum, establish that he did not receive timely notice of his employment loss before Defendant ordered the closing of the facility at which Plaintiff was employed. *See* 29 U.S.C. §1202. With some exceptions and conditions, the WARN Act forbids employer of 100 or more employees to order plant closing until end of 60-day period after employer serves written notice of such order. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553 (6th Cir. 1996). Under WARN, when an affected employee's layoff date is earlier than the date of the plant shutdown, the employer

3

is required to give the affected employee notice of the closing 60 days before the date of that employee's layoff. *United Mine Workers of America v. Martinka Coal Co.*, 202 F.3d 717 (4th Cir. 2000). Plaintiff has plead that Defendant employed in excess of 100 employees and failed to give timely notice of the plant facility closing or mass layoff. [DE 1]. Construing Plaintiff's complaint in the light most favorable to Plaintiff, Plaintiff has established a plausible claim satisfying the *prima facie* elements of a violation of the WARN Act, upon which this Court can grant relief. As such, Plaintiff's claims must survive Defendants' Rule 12(b)(6) Motion to Dismiss.

**III. Rule 56 Standard and Analysis**

In the Sixth Circuit, summary judgement under Rule 56 of the Federal Rules of Civil Procedure is appropriate when there are no genuine issues of material fact in dispute. *See* Fed.R.Civ.P. 56(c); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000). "In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party." *Id. See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986). "A genuine issue for trial exists when there is sufficient evidence on which the jury could reasonably find for the plaintiff." *Cacevic v. City of Hazel Park*, 226 F.3d at 491 (internal citations omitted).

4

In the case at bar, Defendant's argument for summary judgment is relatively threadbare. Genuine issues of material fact exist as to whether Defendant's closure of a plant facility constituted a mass layoff, which would require 60-day notice under the WARN Act. Thus, the Court is precluded from granting a summary judgment in favor of the moving party until such time as these issues of fact are settled. *Pena v. American Meat Packing Corp.*, 362 F.3d 418 (7th Cir. 2004); *Local 2-1971 of Pace International Union v. Cooper*, 364 F.Supp.2d 546 (W.D.N.C. 2005).

**IV. Conclusion**

Upon review of the pleadings and motions of the parties, the Court has determined that Plaintiff has adequately stated a claim upon which this Court may grant relief and survives Defendant's Motion to Dismiss. Likewise, and because genuine issues of material fact exist, Defendant's Motion for Summary Judgment must be denied.

Accordingly, for the reasons stated in the hearing before this Court on July 5, 2016, as well as for the foregoing reasons,

**IT IS ORDERED:**

**(1)** That Defendant's Motion to Dismiss [DE 10-1] is **DENIED;**

**(2)** that Defendant's Motion for Summary Judgment [DE 10-1] is **DENIED WITHOUT PREJUDICE.**

This the 6th day of July, 2016.

5



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge