```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
JEREMY MAY,                      )
                                 )
    Plaintiff,                   )
                                 )        Civil Case No.
v.                               )        15-cv-377-JMH
                                 )
BLACKHAWK MINING, LLC,           )
                                 )
    Defendant.                   )   MEMORANDUM OPINION & ORDER
```

                           \*\*\*

This matter is before the Court upon the Plaintiffs' Motion to Certify Class [DE 42]. Defendants have filed a Joint Response [DE 52], and Plaintiffs have filed a Reply in further support of their motion [DE 56].

Plaintiff Jeremy May commenced this class action proceeding on December 18, 2015, against defendant Blackhawk Mining, LLC. On July 15, 2016, Mr. May and Nathan Ray ("Plaintiffs") filed an amended complaint against Blackhawk Mining, LLC, Spurlock Mining, LLC, and Redhawk Mining, LLC ("Defendants"). Plaintiffs allege that beginning on or about December 11, 2015, Defendants terminated their employment and the employment of approximately 200 similarly situated employees without providing 60 days' written notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. ("WARN Act") (DE 34, Amended Complaint)). Plaintiffs allege that

Defendants are liable under the WARN Act for the termination of these employees without adequate notice. (*Id*.) Plaintiffs now move for an order: (a) certifying a class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure comprised of Plaintiffs and all persons employed by Defendants Blackhawk Mining, LLC, Spurlock Mining, LLC, and Redhawk Mining, LLC: (i) who worked at or reported to the Mine Complex located at 1527 KY State Route 2030 in Printer, Kentucky, 4189 Frasure Creek in McDowell, Kentucky and Garth Hollow/Akers Branch Road in Drift, Kentucky, (ii) who were terminated without cause on or about December 11, 2015 or thereafter in connection with the mass layoff(s) or plant closing(s) at the Mine Complex, (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5), and (iv) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiffs as the Class Representatives, (d) approving the form and manner of Notice to the WARN Class, and (e) granting such other and further relief as this Court may deem just and proper.

The WARN Act provides that before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. *See* 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees. *See* 29 U.S.C. §

2101(a)(1). The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily-required notice. *See* 29 U.S.C. § 2104. WARN Act plaintiffs have the right to bring representative actions to enforce the Act: "A person seeking to enforce such liability ... may sue either for such person or for other persons similarly situated, or both, in any district court of the United States...." 29 U.S.C. § 2104(a)(5); *Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 134 (N.D. Ind. 2013) ("The WARN Act indicates that class treatment may be appropriate in this type of litigation, providing that a person may sue 'for other persons similarly situated.'"); *Applegate v. Formed Fiber Tech., LLC*, No. 2:10-cv-00473-GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012) (indicating same and collecting cases).

Courts in the Sixth Circuit have routinely certified Rule 23 WARN class actions. *See Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 408 (E.D. Mich. 2012) (motion for certification of WARN class granted under Rule 23); *In re ABMD, Ltd.*, 439 B.R. 475, 490-91 (S.D. Ohio 2010). To that end, class certification requires a two-step inquiry. Plaintiffs must satisfy the four prerequisites of Fed. R. Civ. P. 23(a), and then at least one of the subsections of Rule 23(b). *See Calloway*, 287 F.R.D. at 406-07. Fed. R. Civ. P. 23(a) provides for the following prerequisites:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> **(1)** the class is so numerous that joinder of all members is impracticable;
>
> **(2)** there are questions of law or fact common to the class;
>
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> **(4)** the representative parties will fairly and adequately protect the interests of the class.

Here, Plaintiffs have demonstrated numerosity in the putative class – approximately 200 members, each with a claim estimated to be for less than $7,000, not including benefits. Fed. R. Civ. P. 23(a)(1); *see also Calloway*, 287 F.R.D. at 406 (finding that WARN subclasses of 97 and 72 employees satisfied numerosity and noting that the classes of as few as 35 employees have been certified in the 6th Circuit) (citing *Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974); *Ham v. Swift Transp. Co., Inc.*, 275 F.R.D. 475, 483 (W.D. Tenn. 2011); *Kizer v. Summit Partners, L.P.,* 1:11-CV-38, 2012 WL 1598066 (E.D. Tenn. May 7, 2012)); *Davidson v. Henkel Corp.*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) ("[t]he modern trend for meeting the numerosity factor is to require at a minimum

"between 21 and 40" class members.") (citing *Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009, 1013 (W.D. Mich. 1987); *Roman v. Korson*, 152 F.R.D. 101, 105-06 (W.D. Mich. 1993)).

Further, there is a common question of law or fact because "the resolution of one particular issue will affect all or a significant number of the members of a putative class." *Avio, Inc. v Alffocino, Inc.*, 311 F.R.D. 434, 333 (E.D. Mich. 2015) (citing *In re Nw. Airlines Corp.*, 208 F.R.D. 174, 217 (E.D. Mich. 2002)). "Generally, where the legality of a defendant's common course of conduct towards the class is at issue, the commonality component of class certification is met." *In re ABMD, Ltd*. 439 B.R. at 485. Plaintiffs claim that they and other potential class members were terminated as part of a common plan stemming from Defendants' decision to idle operations at the relevant mining complex and that Defendants would be liable as a "single employer" under the WARN Act. The Court agrees with Plaintiffs that the factual and legal questions stem from a common core of facts regarding Defendants' actions and legal issues regarding every class member's rights, as follows: (a) whether Defendants employed more than 100 employees; (b) whether all the class members are protected by the WARN Act; (c) whether the class members were employees of Defendants who worked at or reported to the Mine Complex; (d) whether Defendants discharged

the class members on or about December 11, 2015 or thereafter; (e) whether the class members were "affected employees"; (f) whether Defendants terminated the employment of the class members without cause; (g) whether Defendants terminated the employment of the class members without giving them at least 60 days' prior written notice as required by the WARN Act; (h) whether Defendants failed to pay the class members 60 days' wages and benefit; and (i) whether Defendants are "single employer."

Whether any of the members of the class was an "affected" employee remains an open question, potentially suitable for dispositive motion or for trial when the parties are prepared to support their respective positions with evidence. The issue of the merits of the claim does not, however, bear on the issue of class certification in this instance – notwithstanding Defendants vigorous insistence that it does. "When . . . the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (2016) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 107 (2009)).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, (1974) (citing *Miller v. Mackey Int'l.*, 452 F.2d 424, 427 (5th Cir. 1971)). The Court may consider "only those matters relevant to deciding if the prerequisites of Rule 23 are satisfied" and "may not 'turn the class certification proceedings into a dress rehearsal for the trial on the merits.'" *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 851-52 (6th Cir. 2013) (quoting *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012) and citing *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013)); *see also Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 553-54 (6th Cir. 2006); *Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2014 WL 11370455, at *3 (S.D. Ohio June 19, 2014); *Khaliel v. Norton Health Care Inc. Ret. Plan*, 287 F.R.D. 511, 512 (W.D. Ky. 2012) ("it is not necessary to delve into the merits of the plaintiffs' claims at the class certification stage because proof of commonality does not overlap with the plaintiffs' merit contentions"). Rather than determining if the claims have merit, at this stage, the critical question is whether the claims will

"prevail or fail in unison." *In re Whirlpool*, 722 F.3d at 858 (internal quotation marks omitted). If the plaintiff class is "entirely cohesive," meaning that however the merits issues are resolved the class will "prevail or fail in unison," then the Rule 23(a) issues of commonality and typicality will be met and predominate over any individual questions. *Id*. at 858.

Defendants apparently concede that the group of employees laid off in 2015 have the commonality and typicality which predominates over individual questions, for they speak repeatedly of how "all of the laid off employees were recalled to work within six months" and how "none of the employees laid off in December 2015 are 'affected employees' because each was recalled within six months." [Response at 1, 11.] Class certification does not require, under Rule 23(b)(3), that the plaintiff "must first establish that it will win the fray...." *In re Whirlpool*, 722 F.3d at 858–59. This court seeks only "to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id*. Having considered the motion, the Court concludes that common questions far exceed the requirement of a single common question of law or fact and that the proposed class satisfies the commonality requirement of Rule 23(a).

Typicality is met for the purposes of Fed. R. Civ. P. 23(a)(3) if the class members' claims are "fairly encompassed by

the named plaintiffs' claims." *Davidson*, 302 F.R.D. at 437 (citing *In re Whirlpool*, 722 F.3d at 852). A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel., Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citation omitted); *accord Calloway*, 287 F.R.D. at 407 ("Calloway claims to have suffered the same injury as the other potential class members; namely, Caraco terminated them in violation of the WARN Act by not giving them a 60 day notice before termination."). Typicality under Rule 23(a)(3) should be determined with reference to the company's actions and is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the Defendants' liability, not with respect to particularized defenses it might have against certain class members. *Murphy v. LenderLive Network, Inc.*, Civil Action No. 13-cv-03135-RBJ, 2014 WL 5396165, at *4 (D. Colo. Oct. 22, 2014) (certifying WARN class over Defendant's objection that employees who did not work in Defendant's physical sites did not have a cognizable claim because Defendant's alleged failure to provide notice under the WARN Act allegedly resulted in injury to all of the putative class members, regardless of their status as on-site or remote). In this instance, both Plaintiffs and the potential class

members allegedly suffered injury beginning on or about December 11, 2015, when they lost their jobs without 60 days' notice and were not compensated due to a violation of the WARN Act by Defendants. Whether or not some of the Plaintiffs and class members were later rehired and paid further or not is irrelevant to this Court's inquiry into typicality. Thus, the legal theory upon which Plaintiffs proceed makes them typical of the Class, and Plaintiffs satisfy the typicality requirement of Rule 23(a).

The Court is also persuaded that the Plaintiffs will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy requires that '(1) the representative [has] common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Calloway*, 287 F.R.D. at 407 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)). The circumstances of Plaintiffs' employment and terminations render their interests the same as those of putative class members. All must prove that they were entitled to, and not given adequate WARN notice. All must show that Defendants are a single employer and are not protected by WARN's statutory exceptions. Further, they are qualified to vigorously prosecute the interests of the class through qualified counsel. Plaintiffs' counsel and proposed class counsel has spent time investigating the facts

giving rise to the WARN claim in this action, has continued to investigate the matter since filing this case, and has briefed the Court with respect to various matters, including Defendants' Motion to Dismiss. Plaintiffs' counsel has also cited its prior certification as class counsel in WARN Act matters and has demonstrated extensive experience in WARN Act class action litigation.

Finally, the Court is persuaded that the class meets the requirements of Fed. R. Civ. P. 23(b)(3): predominance and superiority. "The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Tyson Foods, Inc.*, 136 S. Ct. at 1045 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). Litigation in this matter is focused on whether the terminations were related to a plant closing or mass layoff, whether Defendants were a single employer, whether Defendants provided notice to terminated employees, and whether Defendants otherwise provided adequate compensation. There is no allegation or suggestion that any of the potential class members were treated differently with respect to these issues, nor is the Court persuaded that the decision to invite the return of the class members, some of whom did return and were paid prior to any subsequent termination and some of whom did not and were not paid, changes anything about this analysis.

Further, class certification is the superior method of resolving this dispute under the WARN Act because many of the claims are quite small, making individual lawsuits impracticable. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (WARN claim "easily satisfied" superiority requirement of Rule 23(b)(3)). Plaintiff and the proposed class claims would not be economically viable if brought independently and therefore class claims are superior to adjudication individually. *Calloway*, 287 F.R.D. at 408 ("the limits on damages under the WARN Act make it economically infeasible for individuals to file their own cases; a class action would give claimants the 'effective strength' to bring their claim to court."). No less, it is in the interest of judicial economy and efficiency to consolidate as many as 200 claims into a single action that will permit resolution of common questions of law and fact to be determined all at once. *See In re ABMD Ltd.*, 439 B.R. at 488 (finding in WARN case that "costs will be limited and judicial economy will be served by resolving the common legal and factual disputes in one action").

As set forth above, Plaintiffs' counsel have been active and diligent in pursuing this action, and they are highly experienced with respect to class action litigation and WARN claims, in particular, having been appointed as class counsel in

over 100 WARN actions. Similarly, Plaintiffs have been diligent in pursuing this action and have worked with counsel in initiating and prosecuting the act. The Court sees no potential conflict of interest with other class members. Accordingly, counsel will be appointed class counsel in this matter, and Plaintiffs Jeremy May and Nathan Ray will be appointed as class representatives.

Lastly, the Court agrees that the proposed notice would provide adequate notice to potential class members. The contents of the proposed Notice are sufficient, as it summarizes in plain language the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation, and that if they do not opt-out, they may appear by their own counsel. *See Calloway*, 287 F.R.D. at 408.

Accordingly, for all of the reasons stated above and upon finding that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b), **IT IS ORDERED** that Plaintiff's Class Certification Motion [DE 42] is **GRANTED.**  A separate order

conforming with this decision and including additional procedural requirements will follow.

This the 3rd day of April, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge